UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFREY M. HAMMER,

Plaintiff,

-against-

LAWRENCE SCHAFFER; MAHON, MAHON, KEVINS, O;BRIEN, LLC,

Defendants.

26-CV-9808 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Oceanside, New York, brings this *pro se* action under the court's federal question jurisdiction, alleging that Defendants are attempting to "steal" his deceased mother's house, where Plaintiff currently resides. (ECF 1 at 2.) Named as Defendants are Lawrence Schaffer, the Public Administrator of Nassau County who is administering Plaintiff's mother's estate, and a law firm, Mahon, Mahon, Kevins, O'Brien, LLC, which is located in Garden City, New York. (*Id.* at 8.) For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Eastern District of New York.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants are unlawfully attempting to evict him from his deceased mother's house. Plaintiff does not plead the residence of any of the defendants, only asserting that the alleged events giving rise to his claims occurred in Nassau County. Because Defendants are employed in Nassau County, and the alleged events also occurred in Nassau County, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).[1]

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Nassau County, which is in the Eastern District of New York. *See* 28 U.S.C. § 112. Accordingly, venue lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[2] A summons shall not issue from this Court. This order closes this case.

---

[1] This district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

[2] Plaintiff did not file an application for leave to proceed *in forma pauperis.*

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 13, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge